While that case involved only aircraft noise and did not include air pollution, we conclude that this is a distinction without a difference and that this decision controls our disposition of the instant case.

As a result, we conclude that the United States, under the Supremacy and Commerce clauses of the Constitution, has, through the Federal Aviation Act, as now supplemented by the Noise Control Act of 1972 and the regulations issued thereunder, so occupied the regulation of aircraft noise and air pollution as to pre-empt any state or local action in that field. This does not, however, leave either the plaintiff municipalities or their constituents without remedies. Both can take appropriate action before the Environmental Protection Agency (EPA) and the Administrator of the Federal Aeronautics Act (FAA) and the constituents, as landowners may, in proper cases, have actions at law against the City, as airport operator, on the theory of inverse condemnation. *United States v. Causby* (1946), 328 U.S. 256, 90 L.Ed. 1206, 66 S.Ct. 1062; *Griggs v. Allegheny County* (1962), 369 U.S. 84, 7 L.Ed.2d 585, 82 S.Ct. 531.

We therefore affirm the judgment of the circuit court, dismissing the municipalities' suit to enjoin the City of Chicago from expanding its airport facilities at O'Hare International Airport.

Judgment affirmed.

GOLDBERG and EGAN, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GUS A. JONES, Defendant-Appellant.

(No. 58754;

First District (1st Division)—December 28, 1973.

*Rehearing denied January 29, 1974.*

Opinion by Mr. JUSTICE HALLETT.

Paul Bradley, Deputy Defender, of Chicago (Richard D. Thomas, Assistant Appellate Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (James S. Veldman, Assistant State's Attorney, of counsel), for the People.